# Third District Court of Appeal

## State of Florida

Opinion filed July 5, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1771
Lower Tribunal No. 18-35993
_____


**Pamela L. Altman, etc.,**
Appellant,

vs.

**Sheila E. Brown, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Akerman LLP and Diane G. DeWolf (Tallahassee) and Dale Noll, for appellant.

Agentis PLLC and Christopher B. Spuches and Jason A. Martorella, for appellees.


Before LOGUE, C.J., and HENDON and LOBREE, JJ.

PER CURIAM.

Appellant, Pamela L. Altman, appeals an order which (1) removed her

as a trustee of the relevant trust under section 736.0706, Florida Statutes (2020); (2) imposed a $134,000 surcharge upon her, ordered the amount paid into a specific trust income account within sixty days, and further ruled that the surcharge was without prejudice to the plaintiffs' request for further surcharges or damages in the case; and (3) determined that the plaintiffs are entitled to attorney's fees and costs in connection with their motion for Altman's removal as a trustee and for surcharge.

We dismiss the appeal for lack of jurisdiction to the extent Altman seeks review of the trial court's determination that the plaintiffs are entitled to attorney's fees. An order which merely determines the right to attorney's fees without setting the amount is a nonfinal, non-appealable order. Garcia v. Valladares, 99 So. 3d 518 (Fla. 3d DCA 2011). To the extent Altman seeks review of that portion of the order directing her to deposit money into the trust income account within sixty days, we exercise our discretion to treat the appeal as a petition for writ of certiorari, grant the petition, and quash that portion of the order. See People's Tr. Ins. Co. v. Gonzalez, 318 So. 3d 583, 583 (Fla. 3d DCA 2021) ("Courts have consistently found that an order resolving only part of a civil lawsuit by requiring a party to make an interim payment while leaving intertwined factual matters unresolved presents the type of irreparable harm and departure from the essential requirements of

the law remediable by issuance of a writ of certiorari."); see also Mohler v. Elliott, 332 So. 3d 1120 (Fla. 2d DCA 2022).  In all other respects, the order is affirmed.

Affirmed in part; appeal dismissed in part for lack of jurisdiction; petition granted and the portion of order requiring payment within sixty days is quashed.